FORM 26. Docketing Statement                                      Form 26 (p. 1)
                                                                   July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 24-1537

**Short Case Caption:** Dura Systems Barriers, Inc. v. Van-Packer Co.

**Filing Party/Entity:** Van-Packer Co., Jeremias, Inc.

**Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| U.S.D.C., C.D. Ill. | 1:19-cv-01388-SLD-JEH | Patent Infringement |

**Relief sought on appeal:** ☐ None/Not Applicable

See Attachment.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

See Attachment.

**Briefly describe the judgment/order appealed from:**

See Attachment.

**Nature of judgment (select one):**     **Date of judgment:** 1/19/24

☒ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain) _____

FORM 26. Docketing Statement                                   Form 26 (p. 2)
                                                                  July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☑ None/Not Applicable

[ ]

Issues to be raised on appeal:  ☐ None/Not Applicable

See Attachment.

Have there been discussions with other parties relating to settlement of this case?
☐ Yes   ☑ No

If "yes," when were the last such discussions?
   ☐ Before the case was filed below
   ☐ During the pendency of the case below
   ☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☐ No

If they were mediated, by whom?

N/A

Do you believe that this case may be amenable to mediation? ☐ Yes  ☑ No
Explain.

To the extent a resolution is possible, it is more likely to be achieved without a formal mediation process.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

N/A

Date: 3/20/24          Signature: /s/ George Summerfield
                       Name:      George Summerfield

Save for Filing

# ATTACHMENT TO DOCKETING STATEMENT

| | |
|---|---|
| **Case Number:** | 24-1537 |
| **Short Case Caption:** | Dura Systems Barriers, Inc. v. Van-Packer Co. |
| **Filing Party/Entity:** | Van-Packer Co., Jeremias, Inc. |

**Relief sought on appeal:**

Judgment that Van-Packer Co.'s GRZ Grease Duct System and Jeremias, Inc.'s DWGD-RZ Grease Duct System do not infringe claims 3, 6, 10–13, 16, 19, and 20 of U.S. Patent No. 10,024,569.

**Relief awarded below (if damages, specify):**

The parties stipulated, and accordingly the District Court entered, the following permanent injunction: "[Van-Packer Co. and Jeremias, Inc.], their officers, agents, servants, employees, and all persons acting in active concert or participation with them who receives actual notice of the injunction in this case by personal service or otherwise, is hereby permanently enjoined from directly or indirectly making, having made, using, selling, advertising, manufacturing, importing, or distributing the Accused Products, or any colorable imitation thereof, which infringes, literally or equivalently, the Asserted Claims of the '569 Patent until the '569 Patent expires or is no longer in force."

**Briefly describe the judgment/order appealed from:**

The District Court entered judgment that Van-Packer Co. and Jeremias, Inc. infringe claims 3, 6, 10–13, 16, 19, and 20 of U.S. Patent No. 10,024,569.

**Issues to be raised on appeal:**

Whether the district court erred in construing the claim limitation "thermal spacers thermal isolating" as a single limitation, thereby misconstruing "thermal spacers," and thereby erring in finding the accused products infringe the patent in suit.