No. 2024-1537

# United States Court of Appeals for the Federal Circuit

DURA SYSTEMS BARRIERS, INC.,
*Plaintiff-Appellee*

v.

VAN-PACKER CO., JEREMIAS, INC.
*Defendants-Appellants*

Appeal from the United States District Court for the Central District of Illinois in No. 1:19-cv-01388-SLD-JEH, Judge Sara Darrow.

**DEFENDANTS-APPELLANTS VAN-PACKER CO. AND JEREMIAS, INC.'S OPPOSITION TO MOTION OF PLAINTIFF-APPELLEE TO JOIN PARTY**

**K&L GATES LLP**

George C. Summerfield
Nathan J. Fuller
70 W. Madison Street
Suite 3300
Chicago, IL 60602
(312) 372-1121

Courtney A. Neufeld
925 Fourth Avenue
Suite 2900
Seattle, WA 98104
(206) 623-7580

*Attorneys for Defendants-Appellants*

August 5, 2024

FORM 9. Certificate of Interest | Form 9 (p. 1) March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-1537

**Short Case Caption** Dura Systems Barriers, Inc. v. Van-Packer Co.

**Filing Party/Entity** Van-Packer Co., Jeremias, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/05/2024

Signature: /s/ George Summerfield

Name: George Summerfield

FORM 9. Certificate of Interest                                              Form 9 (p. 2)
                                                                              March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Van-Packer Co. | | |
| Jeremias, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest                                      Form 9 (p. 3)
                                                                     March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable          ☐  Additional pages attached

| James Shimota (K&L Gates LLP) | Katherine Allor (formerly of K&L Gates LLP) | |
| Jacob Michalakes (K&L Gates LLP) | Nelson Hua (formerly of K&L Gates LLP) | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)   ☐  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Plaintiff-Appellee DuraSystems Barriers, Inc. ("DuraSystems") seeks to add a third party, VaughanAir Canada ULC ("VaughanAir"), to this appeal ostensibly because VaughanAir is now the owner of the patent in suit (U.S. Patent No. 10,024,569). Motion at 1. According to DuraSystems, "VaughnAir does not intend to be an active participant in the present appeal because its interests are adequately represented by DuraSystems." *Id.* at 3–4. However, a month ago, on July 2, the President of The UEP Group, which launched VaughanAir, sent an email to Van-Packer Co. and Jeremias, Inc. (collectively, "Van-Packer") stating:

> VaughanAir will be participating in, and become party to, the ongoing legal matters between DuraSystems and Van Packer. It is our intent to vigorously defend our intellectual property against all infringements, of any kind, and to seek appropriate damages for all such infringements.

Summerfield Decl., Ex. A. This email is difficult to reconcile with the afore-quoted passage from DuraSystems' motion.

As to the basis for joinder, DuraSystems cites to Fed. R. Civ. P. 21, the purpose of which is to put "the principal, the real party in interest, in the position of his avowed agent." *See* Motion at 2–3 (quoting *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952)). It is unclear as to how that is the situation here. According to DuraSystems' motion, "DuraSystems has retained all rights to any proceeds that may result from the claims of patent infringement against Appellants at issue in this appeal," and "***DuraSystems*** continues to be the real party in interest." Motion at 2 (emphasis added). Because DuraSystems retains all rights to the proceeds of this

1

appeal, Rule 21 of the Federal Rules of Civil Procedure and *Uniloc* provide no support for joinder of VaughanAir. *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890 (Fed. Cir. 2019).

In any event, as the case law cited by DuraSystems states, "this Court's jurisdiction attaches at the time the notice of appeal is filed and a subsequent transfer of the patent-in-suit 'does not involve a lack of standing or some other jurisdictional defect at the start of an Article III case.'" *See* Motion at 2 (quoting *L'Oreal USA, Inc. v. Olaplex, Inc.*, 844 F. App'x 308, 316–17 (Fed. Cir. 2021)). It is therefore unclear why this motion is necessary at all.

Even if standing may be at issue, given the transfer of patent ownership, this Court is not in a position to resolve that issue in the first instance, especially where it has not had the benefit of reviewing the assignment agreement purporting to give standing to VaughanAir, and maintaining standing for DuraSystems. *See AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1381 (Fed. Cir. 2020) (remanding for the district court to resolve all factual issues, including whether party holds or retains ownership interest in the patent in suit).

Van-Packer does not believe that joinder is either proper or necessary under the circumstances. Van-Packer therefore opposes the instant motion.[1]

---

[1] Van-Packer raised each of the issues herein with DuraSystems after having reviewed a draft of the motion. Summerfield Decl., Ex. B at 1. DuraSystems chose not to address any of these issues in its motion.

Dated: August 5, 2024            Respectfully submitted,

                         By:    /s/ *George C. Summerfield*
                                    George C. Summerfield
                                    Nathan J. Fuller
                                    K&L Gates LLP
                                    70 W. Madison Street
                                    Suite 3300
                                    Chicago, IL 60602
                                    Tel.: (312) 372-1121
                                    Fax: (312) 827-8000

                                    Courtney A. Neufeld
                                    K&L Gates LLP
                                    925 Fourth Avenue
                                    Suite 2900
                                    Seattle, WA 98104
                                    Tel.: (206) 623-7580

                                    *Attorneys for Defendants-Appellants*

FORM 19. Certificate of Compliance with Type-Volume Limitations    Form 19
    July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 24-1537

**Short Case Caption:** Dura Systems Barriers, Inc. v. Van-Packer Co.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __524__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/05/2024    Signature: /s/ George Summerfield

    Name: George Summerfield

Save for Filing

No. 2024-1537

# United States Court of Appeals for the Federal Circuit

DURA SYSTEMS BARRIERS, INC.,
*Plaintiff-Appellee*

v.

VAN-PACKER CO., JEREMIAS, INC.
*Defendants-Appellants*

Appeal from the United States District Court for the Central District of Illinois in No. 1:19-cv-01388-SLD-JEH, Judge Sara Darrow.

## GEORGE C. SUMMERFIELD'S DECLARATION IN SUPPORT OF DEFENDANTS-APPELLANTS' OPPOSITION TO MOTION OF PLAINTIFF-APPELLEE TO JOIN PARTY

**K&L GATES LLP**

George C. Summerfield
70 W. Madison Street
Suite 3300
Chicago, IL 60602
(312) 372-1121

*Attorney for Defendants-Appellants*

August 5, 2024

I, George C. Summerfield, hereby declare as follows:

1.     I am an attorney duly licensed to practice law before the Federal Circuit. I am a Partner with the law firm of K&L Gates LLP and I am counsel of record for Defendants-Appellants Van-Packer Co. and Jeremias, Inc. (collectively, "Van-Packer") in the above-captioned matter. I submit this declaration in support of Van-Packer's Opposition to Motion of Plaintiff-Appellee to Join Party.

2.     I have personal knowledge of the facts stated herein and, if called as a witness, would testify competently thereto.

3.     On July 2, 2024, the President of The UEP Group, which launched VaughanAir, sent an email to Van-Packer stating that VaughanAir will be participating in, and become a party to, the ongoing legal matters between DuraSystems Barriers, Inc. ("DuraSystems") and Van-Packer. Attached as Exhibit A is a true and correct copy of the email correspondence.

4.     On July 24, 2024, counsel for DuraSystems provided a draft of its motion for joinder to Van-Packer's counsel to confirm whether Van-Packer opposes its motion. Attached as Exhibit B is a true and correct copy of the correspondence between DuraSystems and Van-Packer's counsel.

5.     That same day, Van-Packer's counsel responded that it was confused by DuraSystems' statement that "VaughnAir does not intend to be an active participant in the present appeal" because of the July 2, 2024 email that Van-Packer

1

received from the President of UPE Group. *See* Ex. B at 1.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 5th day of August 2024.

By: /s/ *George C. Summerfield*
George C. Summerfield
K&L Gates LLP
70 W. Madison Street
Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000

*Attorney for Defendants-Appellants*

No. 2024-1537

# United States Court of Appeals for the Federal Circuit

DURA SYSTEMS BARRIERS, INC.,
*Plaintiff-Appellee*

v.

VAN-PACKER CO., JEREMIAS, INC.
*Defendants-Appellants*

Appeal from the United States District Court for the Central District of Illinois in No. 1:19-cv-01388-SLD-JEH, Judge Sara Darrow.

**EXHIBITS A-B IN SUPPORT OF DEFENDANTS-APPELLANTS VAN-PACKER CO. AND JEREMIAS, INC.'S OPPOSITION TO MOTION OF PLAINTIFF-APPELLEE TO JOIN PARTY**

| Description | Exhibit | Page No. |
|---|---|---|
| Email from Peter De Angelo, President of The UEP Group to Van-Packer, dated July 2, 2024 | A | 1 |
| Emails between counsel for Plaintiff-Appellee and Defendants-Appellants, dated July 15, 2024 – July 24, 2024 | B | 3 |

# EXHIBIT A

**From:** Peter DeAngelo <pdeangelo@uepsales.com>
**Sent:** Tuesday, July 2, 2024 4:34 PM
**To:** inside sales <insidesales@vpstack.com>; Robin Rediger <rrediger@vpstack.com>
**Cc:** Frank Smollon Jr. <frankjr@uepsales.com>
**Subject:** RE: [External] Van-Packer Check In
**Importance:** High

Robin and Peter,

We recently released an announcement that The UEP Group launched a portfolio company called VaughanAir which completed the acquisition of the DuraSystems Barriers duct business, including all the associated intellectual property of the duct business worldwide, effective on Monday, June 24, 2024.

As part of our purchase agreement with DuraSystems, VaughanAir will be participating in, and become party to, the ongoing legal matters between DuraSystems and Van Packer. It is our intent to vigorously defend our intellectual property against all infringements, of any kind, and to seek appropriate damages for all such infringements.

We are advised that there is a stay placed on the cease-and-desist order against Van Packer issued by the lower court pending resolution of the appellate process. VaughanAir respects the orders of the court in place currently.

With this new development there is a conflict for any of The UEP Group portfolio companies to sell Van Packer products.

Please contact me with any questions.

**Peter De Angelo**
**President**
**C** 443 994 0018
www.uepsales.com



# EXHIBIT B

## Neufeld, Courtney A.

| | |
|---|---|
| **From:** | Neufeld, Courtney A. |
| **Sent:** | Wednesday, July 24, 2024 10:58 AM |
| **To:** | 'Chad Nydegger' |
| **Cc:** | Ryan Morris; Brian N. Platt; Jennifer Hunter; Sarah A. Lueckler; Fuller, Nathan J.; Summerfield, George; Shimota, Jim A. |
| **Subject:** | RE: Motion to join party in Van-Packer v. DuraSystems appeal [WNDMS-DMS1-DMS1.FID2706273] |

Chad,

We are, at the very least, confused by the statement in the motion that "VaughnAir does not intend to be an active participant in the present appeal because its interests are adequately represented by DuraSystems." On July 2, our client received an email from UPE Group, which launched VaughanAir, reading "VaughanAir will be participating in, and become party to, the ongoing legal matters between DuraSystems and Van Packer. It is our intent to vigorously defend our intellectual property against all infringements, of any kind, and to seek appropriate damages for all such infringements." This email is difficult to reconcile with the afore-quoted passage from the motion. Further, as the cited case law in your motion states, "this Court's jurisdiction attaches at the time the notice of appeal is filed and a subsequent transfer of the patent-in-suit 'does not involve a lack of standing or some other jurisdictional defect at the start of an Article III case.'" It is therefore unclear why this motion is necessary at all. And, if you believe that standing may still be an issue, we do not see how an appellate court resolves that issue in the first instance, especially where it has not had the benefit of reviewing the licensing agreement purporting to give standing to VaughanAir, and maintaining standing for DuraSystems.

Finally, as to your reference to FRCP 21, and the purpose of that Rule being to put "the principal, the real party in interest, in the position of his avowed agent," it is unclear as to how that is the situation here. According to the motion, "DuraSystems has retained all rights to any proceeds that may result from the claims of patent infringement against Appellants at issue in this appeal," and "DuraSystems continues to be the real party in interest" (emphasis added). This would seem to be inapposite to the situation in Uniloc – the authority from which your cited legal proposition regarding FRCP 21 derives.

In short, we do not believe joinder is proper, irrespective of the practical effect of such joinder, which, as noted above, is, at best, unclear. We are obliged to inform the court of that impropriety, and therefore will oppose the motion.

Best,
Courtney

**K&L GATES**

**Courtney Neufeld** | *pronouns: she/her*
K&L Gates LLP
925 Fourth Ave, Suite 2900
Seattle, WA 98104
Phone: 206-370-7836
Courtney.Neufeld@klgates.com
www.klgates.com

**From:** Chad Nydegger <CNydegger@WNLaw.com>
**Sent:** Wednesday, July 24, 2024 6:46 AM
**To:** Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Fuller, Nathan J. <Nathan.Fuller@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>

1

**Page 4**

**Cc:** Ryan Morris <RMorris@wnlaw.com>; Brian N. Platt <BPlatt@wnlaw.com>; Jennifer Hunter <JHunter@WNLaw.com>; Sarah A. Lueckler <SLueckler@wnlaw.com>
**Subject:** RE: Motion to join party in Van-Packer v. DuraSystems appeal [WNDMS-DMS1-DMS1.FID2706273]

> **This Message Is From an External Sender**
> This message came from outside your organization.

Good morning, Courtney.

Attached is a draft of the motion. Please advise us of Appellants position.

Thank you,

**CHAD E. NYDEGGER**
WORKMAN | NYDEGGER
OFFICE DIRECT:801-321-8810
EMAIL: cnydegger@wnlaw.com



**From:** Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>
**Sent:** Tuesday, July 23, 2024 12:16 PM
**To:** Chad Nydegger <CNydegger@WNLaw.com>; Fuller, Nathan J. <Nathan.Fuller@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>
**Cc:** Ryan Morris <RMorris@wnlaw.com>; Brian N. Platt <BPlatt@wnlaw.com>; Jennifer Hunter <JHunter@WNLaw.com>; Sarah A. Lueckler <SLueckler@wnlaw.com>
**Subject:** RE: Motion to join party in Van-Packer v. DuraSystems appeal [WNDMS-DMS1-DMS1.FID2143387]

Hi Chad,

Given that Van-Packer has been unable to review the assignment agreement and has limited information on VaughnAir, Van-Packer will determine whether it opposes after it has had a chance to review DuraSystems' motion.

Best,
Courtney

**Courtney Neufeld** | *pronouns: she/her*
K&L Gates LLP
925 Fourth Ave, Suite 2900
Seattle, WA 98104
Phone: 206-370-7836
Courtney.Neufeld@klgates.com
www.klgates.com

**From:** Chad Nydegger <CNydegger@WNLaw.com>
**Sent:** Monday, July 22, 2024 4:38 PM
**To:** Fuller, Nathan J. <Nathan.Fuller@klgates.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>
**Cc:** Ryan Morris <RMorris@wnlaw.com>; Brian N. Platt <BPlatt@wnlaw.com>; Jennifer Hunter <JHunter@WNLaw.com>; Sarah A. Lueckler <SLueckler@wnlaw.com>
**Subject:** RE: Motion to join party in Van-Packer v. DuraSystems appeal [WNDMS-DMS1-DMS1.FID2143387]

Counsel,

We have not received a response to the email below. Please advise us as to Appellants' position so that we may proceed with filing the motion.

Thank you,

CHAD E. NYDEGGER
WORKMAN | NYDEGGER
OFFICE DIRECT:801-321-8810
EMAIL: CNYDEGGER@WNLAW.COM



**From:** Chad Nydegger <CNydegger@WNLaw.com>
**Sent:** Monday, July 15, 2024 3:03 PM
**To:** Fuller, Nathan J. <Nathan.Fuller@klgates.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Summerfield, George <George.Summerfield@klgates.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>
**Cc:** Ryan Morris <RMorris@wnlaw.com>; Brian N. Platt <BPlatt@wnlaw.com>; Jennifer Hunter <JHunter@WNLaw.com>; Sarah A. Lueckler <SLueckler@wnlaw.com>
**Subject:** Motion to join party in Van-Packer v. DuraSystems appeal

Dear Counsel,

We write to inform you that DuraSystems is preparing to file a motion to join VaughnAir Canada MLC as a party to the DuraSystems v. Van-Packer appeal pending before the Federal Circuit. We have learned that VaughnAir purchased title to the '569 patent on June 24, 2024. DuraSystems remains the real party in interest in the appeal because it has retained control of the litigation with Van-Packer and the rights to any proceeds that may come from prevailing on the patent infringement claims against Van-Packer. However, because VaughnAir now owns the title to the '569 patent we believe that VaugnAir needs to be joined to the appeal as a necessary party. We have spoken with VaughnAir, and it does not oppose being joined as a party. VaughnAir also indicated that it does not intend to be an active participant in the litigation as its interests are adequately represented by DuraSystems. In view of the foregoing, we understand that VaugnAir will not have counsel enter an appearance in the case, will not seek to file any briefs, and will not appear to present oral argument. Consequently, we believe that joining VaughnAir to the case is appropriate and does not prejudice Van-Packer in any way. Please let us know whether Van-Packer will oppose the motion to join VaughnAir. If you would like to discuss this issue further, please do not hesitate to contact us.

Best regards,

**CHAD E. NYDEGGER**
WORKMAN | NYDEGGER
OFFICE DIRECT:801-321-8810
EMAIL: CNYDEGGER@WNLAW.COM



PRIVACY: This e-mail may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify the sender immediately, and do not use, copy, or disclose to anyone any of the contents hereof.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Courtney.Neufeld@klgates.com.

PRIVACY: This e-mail may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify the sender immediately, and do not use, copy, or disclose to anyone any of the contents hereof.